**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMIR FATIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| DR. TIMOTHY JOHNS, | ) | |
| | ) | |
| Defendant. | ) | |

## Complaint

### I. Introduction

This is a 42 U.S.C.A. § 1983 civil rights complaint alleging violations of Plaintiff's First and Fourteenth Amendment Constitutional rights and his statutory rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

### II. Jurisdiction

This court has jurisdiction pusuruant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 2000cc.

Defendant Dr. Timothy Johns ("Johns") is the Chaplain at JTVCC and resides or works at 1181 Paddock Road, Smyrna, DE 19977

### III. Parties

Plaintiff Amir Fatir ("Fatir") is a prisoner at the James T. Vaughn Correctional Center ("JTVCC") and resides or works at 1181 Paddock Road, Smyrna, DE 19977.

Defendant Dr. Timothy Johns ("Johns") is the Chaplain at JTVCC and resides or works at 1181 Paddock Road, Smyrna, DE 19977.

### IV. Exhaustion of Remedies

Plaintiff has exhausted all available remedies.

## V. Statement of Facts

Plaintiff is a practitioner of the Religion of Fitrah. He requested to have his religious designation changed from Islam to Fitrah and filled out the requisite "change of faith" form, but the requested change was never made.

Plaintiff holds sincerely held beliefs in the religion of Fitrah which is a nature-based religion originally practiced throughout the world prior to the invention of the Major Western Religions.

Plaintiff has believed in and practiced Fitrah as best he could for many years.

Defendant has refused to permit Plaintiff to practice his religion in accordance with the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLIUPA") and, in denying Plaintiff's rights to practice, has not employed the least restrictive means as required by law.

There has set forth no compelling state interest in denying Plaintiff's religious rights.

Defendant admitted that space for Fitrah religious services and classes were available at no additional cost to the institution.

Plaintiff asked to have his official religion changed from Islam to Fitrah and filled out the requisite "change of faith" form years ago.

Then in 2022 Plaintiff asked Defendant for permission to his religion and conduct and participate in Fitrah services, classes, ceremonies, activities and to receive a Fitrah religious diet and clothing that is not violative of the principles of Fitrah. (Appendix A.)

Defendant directed Plaintiff to write him a formal letter of request to practice Fitrah.

On November 29, Plaintiff wrote Defendant a letter "RE: PRACTICE OF THE RELIGION OF FITRAH." (See Appendix B.)

In response to that letter Defendant and a volunteer chaplain whose first name is also Tim met with Plaintiff in the S-1 dining room where Plaintiff answered all their questions about Fitrah and its religious practice.

In December 2022 Plaintiff spoke with Defendant in the prison law library and Defendant indicated that he was trying to determine what time slots would be available at the Chapel for Fitrah classes and services.

Defendant indicated the high probability that Fitrah classes and services would begin in January of 2023.

To that end, Defendant directed Plaintiff to provide him with a list of the inmates who would participate in Fitrah classes and services. On December 27, 2022, Plaintiff provided him with the requested list. (See Appendix C.)

When Defendant indicated that other staff members were not familiar with Fitrah Plaintiff provided him with a paper entitled "Understanding Fitrah." (See Appendix D.)

Plaintiff then received a memo from Defendant dated March 7, 2023 "RE: Tenants of Fitrah" in which Defendant ruled "Your request to have separate religious service for Fitrah has been denied for the following reasons…" (See Appendix E.)

Plaintiff then filed a grievance on Defendant's denial of his request to practice Fitrah.

On March 20, 2023 Plaintiff wrote Warden May requesting permission to obtain certain essential Fitrah materials and advising him that Defendant' denial of my right to practice Fitrah was violative of RLUIPA. (See Appendix F.)

VI. Claims for Relief

Count 1

By refusing to change his religious designation from Islam to Fitrah, Defendant violated Plaintiff's right to freely practice his religion granted by the First Amendment and RLUIPA.

Count 2

By refusing to change his religious designation from Islam to Fitrah Defendants subjected Plaintiff to religious discrimination in violation of the Fourteenth Amendment's Equal Protection Clause.

Count 3

By denying Plaintiff the right to practice Fitrah and restricting religious activity to Christianity, Judaism and Islam, Defendant violated the Constitution's Establishment Clause to the detriment of Plaintiff and subjected Plaintiff to religious discrimination in violation of the equal protection clause of the 14th Amendment.

Count 4

By denying Fitrah religious services Defendant violated Plaintiff's right to freely practice his religion and violated the free exercise clause of the First Amendment and Plaintiff's right to practice his religion guaranteed by RLIUPA.

Count 5

By denying Fitrah religious classes Defendant violated Plaintiff's First Amendment right to freely practice his religion and imposed a substantial burden on Plaintiff's religious exercise in violation of RLIUPA.

Count 6

By denying Fitrah religious classes and services – but allowing same for Christians, Muslims and Jews – Defendant violated the Establishment Clause of the U.S. Constitution

and violated Plaintiff's rights under RLIUPA, the First Amendment and his right to Equal Protection guaranteed by the Fourteenth Amendment.

Count 7

By denying Plaintiff the right to purchase and wear Fitrah-oriented jewelry (such as Kemitic ankhs, Red and White Crowns of Kemit (ancient Egypt) Defendants violated Plaintiff's right to Equal Protection (since Defendants permit Muslims, Jews, and Christians to purchase and wear religious jewelry), and his religious rights guaranteed by the First Amendment and codified under RLIUPA.

Count 8

By denying Plaintiff the right to wear clothing consistent with his religion Defendant violated Plaintiff's right to Equal Protection (since Jews are permitted to wear yarmulkes, Moors are allowed to wear fezzes and Muslims are allowed to wear kufis) and his religious right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 9

By denying Plaintiff the right to a Fitrah diet and eat food that is consistent with his religion Defendant violated Plaintiff's right to Equal Protection (since Jews are provided kosher diets and Muslims are provided non-pork diets) and his religious right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 10

By denying Plaintiff the right to celebrate Fitrah holidays, Defendant violated Plaintiff's right to Equal Protection (since Jews are allowed to celebrate the High Holidays and Muslims can observe Ramadan, Eid al-Fitr, and Eid al-Adah) and his religious right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 11

By denying Plaintiff the right to religious advisors, Defendant violated Plaintiff's right to Equal Protection (since Jews, Muslims and Christians are permitted such advisors) and his religious right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 12

By denying Plaintiff the right to purchase and own a yoga mat, Defendant violated Plaintiff's right to Equal Protection (Muslims are allowed to own prayer rugs) and his religious right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 13

By denying Plaintiff the right to purchase and use essential ritual oils to propitiate, invoke and evoke the neteru/orisha Defendants have violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 14

By denying Plaintiff the right to purchase and use electric colored candles or colored lights for use in the book lights already sold in the commissary to propitiate, invoke and evoke the neteru/orisha Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 15

By denying Plaintiff the right to purchase and use Tarot, Metu Neter and Igham Tree Oracle paper cards to communicate with the neteru/orisha ("deities") Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 16

By denying Plaintiff the right to purchase and use I Ching coins to divine the will of heaven and to communicate with the Supreme Being, Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 17

By denying Plaintiff the right to purchase and use Ifa Oracle divination palm nuts or other Ifa Oracle divination devices, Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 18

By denying Plaintiff the right to purchase and use Ifa Oracle calabash displays, Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIPUA.

Count 19

By denying Plaintiff access to natural medicine such as chiropractic, naturopathy, ayurvedic medicine, music therapy, color therapy, acupuncture, homeopathy, ultrasound tumor eradication, chi kung, Reiki and herbal medicine, Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 20

By denying Plaintiff the right to form and hear the music of a Fitrah Choir to perform and sing Fitrah Sacred Music, Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 21

By denying Plaintiff the right to a Fitrah burial and funeral, Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 22

By refusing to provide Plaintiff meals and commissary items that are GMO free – when GMO "Frankenstein Food" is divinely prohibited by the Religion of Fitrah -- Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 23

By refusing to provide Plaintiff organic unprocessed food -- since non-organic processed food is divinely prohibited by the Religion of Fitrah -- Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 24

By refusing to provide Plaintiff organic food that is free of any artificial food additives such as MSG and chemicals – when such food is divinely prohibited by the Religion of Fitrah -- Defendants violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 25

By refusing to provide Plaintiff clothing that is completely natural and free of any man-made cancer causing synthetic fibers or health destroying coloring such as acrylic – when such clothing is divinely prohibited by the religion of Fitrah -- Defendant violated Plaintiff's right to practice his religion as guaranteed by the First Amendment and codified under RLIUPA.

Count 26

By forcing Plaintiff to wear female undershorts and pants, i.e., drawers and pants that lack a slit or zipper for him to use when he must urinate, Defendants ~~are~~ is forcing Plaintiff to cross-dress in violation of his Fitrah religion which requires that men honor and respect the gender in which the Divine Supreme Being created them when It gave men XY chromosomes and women XX chromosomes.

VII. Relief Requested

A. Injunctive Relief

Plaintiff requests injunctive relief as follows:

That the Court order Defendants to:

1. Change Plaintiff's religious designation to Fitrah.
2. Permit Plaintiff to freely practice Fitrah.
3. Permit Plaintiff to conduct and attend Fitrah services.
4. Permit Plaintiff to conduct and attend Fitrah classes.
5. Permit Plaintiff to purchase and wear Fitrah jewelry.
6. Permit Plaintiff to purchase and wear Fitrah clothing.

7. Provide Plaintiff with a Fitrah organic, non-GMO and unprocessed food diet three meals per day with appropriate celebratory meals on Fitrah Solar Holidays at the Spring Equinox, Autumnal Equinox, Summer Solstice and Winter Solstice.

8. Permit Plaintiff to observe and celebrate Fitrah Holidays.

9. Permit Plaintiff to have equal access to Fitrah Religious Advisors.

10. Permit Plaintiff to purchase and own a yoga mat.

12. Permit Plaintiff to purchase and own essential oils.

13. Permit Plaintiff to purchase and own colored lights for his book lamp or colored electric candles.

14. Permit Plaintiff to purchase and own Metu Neter, Tarot, and Igham Tree Oracle cards.

15. Permit Plaintiff to purchase and own I Ching oracle coins.

16. Permit Plaintiff to purchase and own Ifa Oracle palm nuts or equivalent Ifa Oracle divination device.

17. Permit Plaintiff to purchase and own an Ifa Calabash display.

18. Provide Plaintiff access to natural medicine such as chiropractic, naturopathy, ayurvedic medicine, music therapy, color therapy, acupuncture, homeopathy, ultrasound tumor therapy, chi kung, Reiki and herbal medicine.

19. Permit Plaintiff to form and hear the music of a Fitrah Choir.

20. Allow the Fitrah Choir to perform and sing Fitrah Sacred Music at Fitrah Services.

21. Provide Plaintiff with Fitrah funerary and burial services upon his death.

22. Provide Plaintiff with organic Fitrah GMO-free, unprocessed meals three meals per day with special Fitrah holiday meals on the four main Fitrah holidays.

23. Provide Plaintiff non-GMO, dye-free fresh fruits and vegetables with Fitrah meals.

24. Provide Plaintiff organic food that is free of chemical additives and gender-bending materials such as soy products.

25. Provide Plaintiff with natural fiber clothing that is free of man-made synthetic fibers such as nylon and other fake fibers.

26. Provide Plaintiff with men's underwear and pants instead of female underwear and pants, i.e., provide Plaintiff with underwear and pants that have a slit or zipper for him to use when he needs to urinate.

Amir Fatir #137010
1181 Paddock Road
Smyrna, DE 19977

March 31, 2023