IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-370-CFC-EGT |
| | ) | |
| DR. TIMOTHY JOHNS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Presently before the Court are four motions by *pro se* Plaintiff Amir Fatir ("Plaintiff") for preliminary injunctive relief against Dr. Timonthy Johns ("Defendant") on various issues purportedly related to Plaintiff's exercise of the Fitrah religion. (*See* D.I. 74, 77, 89 & 96). For the reasons set forth below, the Court recommends that Plaintiff's motions be DENIED.

## I.    BACKGROUND

The Court writes primarily for the parties and will dispense with a detailed factual and procedural background. Plaintiff is a sentenced inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. (D.I. 1 at 1). Defendant Johns is the chaplain at that institution. (*Id.*). Plaintiff accuses Defendant of interfering with Plaintiff's right to practice his religion, Fitrah. (*Id.* at 4-10). According to the Complaint, Defendant has infringed Plaintiff's religious rights by (1) not recognizing his religion of Fitrah or allowing Plaintiff to change his formal religious designation on prison forms; (2) not offering Fitrah services, classes, activities, faith-compliant clothing or Fitrah-oriented jewelry; (3) not providing him food that is consistent with the tenets of Fitrah; (4) not giving Plaintiff the right to consult with religious advisors who are knowledgeable about Fitrah; (5) denying him certain materials (such as a yoga mat and essential oils) necessary to practice Fitrah; and (6) not allowing him to listen to Fitrah music. (*Id.* at 2-3 & 5-10). Plaintiff

seeks only injunctive relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act in the form of requiring Defendant to provide those accommodations to Plaintiff. (*See id.* at 10-12).

## II.   **DISCUSSION**

Plaintiff's motions all suffer from the same defect – *i.e.*, they all seek to enjoin conduct not raised or otherwise mentioned in the Complaint. The Court previously explained to Plaintiff that he can only seek to preliminarily enjoin conduct that is mentioned in the operative complaint. *See Fatir v. Connections Cmty. Support Programs, Inc.*, C.A. No. 18-1549-CFC, 2020 WL 360895, at *1-2 (D. Del. Jan. 22, 2020).[1] Each of Plaintiff's motions violates this principle.

In his renewed motion for a preliminary injunction filed on November 18, 2025, Plaintiff seeks an order requiring Defendant to turn over a USB flash drive containing Fitrah music. (D.I. 74 at 1-2). Yet confiscation of the USB flash drive is not mentioned in the Complaint.[2] Plaintiff cannot seek to enjoin Defendant based on new claims arising out of conduct not mentioned in the Complaint. *Shears v. SCI Forest*, 2022 WL 1321983, at *2 (W.D. Pa. May 3, 2022). Moreover, Plaintiff has also failed to make any showing that Defendant Timothy Johns – the JTVCC chaplain – has the authority to "appropriately respond" to the requested injunctive relief. *Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (cleaned up); *Torres-Jurado v. Admin. of Bergen Cnty. Jail*, 767 F. App'x 227, 232 (3d Cir. 2019); *see also Thomas v. Jones*, C.A. No. 19-220J, 2023 WL 2654215, at *4 (W.D. Pa. Mar. 17, 2023) (dismissing claims for injunctive relief against

---

[1]   Given the number of motions that suffer from this infirmity, Plaintiff should revisit that explanation.

[2]   Nor could it be as it took place after the Complaint was filed. (*Compare* D.I. 1 (Complaint filed March 31, 2023), *with* D.I. 43 (discussing how Plaintiff requested the flash drive sometime after June 17, 2024), *and* D.I. 72 (renewing D.I. 42 & 43)).

defendants who lacked authority to grant the relief sought). The Court thus recommends that Plaintiff's renewed motion for a preliminary injunction be denied.

In Plaintiff's third motion for a temporary restraining order and/or preliminary injunction filed on December 17, 2025, Plaintiff requests that the Court require JTVCC to broadcast Fitrah services on prison channel 19. (D.I. 77). Yet again, the recording or airing of Fitrah services on the prison television network is never mentioned in Plaintiff's Complaint. At best, Plaintiff alleges that JTVCC and Defendant refuse to allow Plaintiff to hold Fitrah services at all.[3] (*See* D.I. 1 at 4). But that is simply not the same conduct that Plaintiff is now attempting to preliminarily enjoin. The Court thus recommends that Plaintiff's third motion for injunctive relief be denied.

Plaintiff's fourth motion, filed on March 6, 2026, requests that Fitrah religious advisor Jamillah Muhammad be restored authorization to conduct Fitrah classes at JTVCC. (*See* D.I. 89 at 1). The Complaint does generically mention being denied access to religious advisors – albeit with no factual allegations. (*See* D.I. 1 at 6 ("Count 11. By denying Plaintiff the right to religious advisors . . . .")). But Plaintiff's current request for injunctive relief is not based on a categorical denial of the right to Fitrah religious advisors as he claimed in his Complaint.[4] The current request to restore Ms. Muhammad's privileges is based on Plaintiff's assertion that JTVCC employees

---

[3]    And Plaintiff expressly states in his supporting affidavit that he is, in fact, now permitted to hold such services. (*See* D.I. 79 ¶ 3).

[4]    Plaintiff's motion is defective for the additional reason that the Complaint contains no factual allegations whatsoever regarding Defendant or JTVCC denying Plaintiff the right to a religious advisor. A plaintiff is not entitled to injunctive relief when the complaint fails to state a claim. *See, e.g.*, *Simmonds v. Cockrell*, 81 F. App'x 488, 489 (5th Cir. 2003) (affirming denial of preliminary injunction when no claim was stated). Because Plaintiff has no factual allegations in the Complaint concerning the denial of religious advisors, he does not state a claim. And a motion for injunctive relief cannot amend the complaint to cure that deficiency. *See, e.g.*, *Naranjo v. Ivicic*, C.A. No. 21-72J, 2022 WL 16951956, at *3 (W.D. Pa. Nov. 1, 2022), *report and recommendation adopted*, 2022 WL 16950425 (W.D. Pa. Nov. 15, 2022).

retaliated against Plaintiff after he sought to hold a Fitrah march on Martin Luther King Jr. Day. (*See* D.I. 90 at 4-5; D.I. 89 ¶¶ 3, 38-43).  Nowhere does Plaintiff mention retaliation in the Complaint.  The injunctive relief sought in this fourth motion is thus improper.  Moreover, it is again wholly unclear that Defendant has the authority to do anything in response to the requested injunctive relief, particularly because Ms. Muhammad's authorization was apparently revoked based on a Prison Rape Elimination Act ("PREA") complaint filed against her.[5]  (*See* D.I. 89 ¶ 39 & 44-51).  The Court recommends that Plaintiff's fourth motion for injunctive relief be denied.

Finally, through a motion filed on March 25, 2026, Plaintiff seeks injunctive relief to prevent "Defendant and/or his superiors from retaliating against Plaintiff for exercising his rights to access the court, petition government for the redress of grievances and expose white racism in the Department of Correction via thew news media."  (D.I. 96 at 1).  This motion is flawed for several reasons.  First, it suffers from the same glaring deficiency as the rest of Plaintiff's motions for injunctive relief – it is based on claims (and complained-of conduct) not found in the Complaint.  Nowhere in his pleading does Plaintiff mention race-based discrimination, access to courts or petitioning the government (let alone with plausible factual support).  Second, the motion seeks to enjoin non-parties (such as Defendant's superiors) without any showing that they have acted in concert with Defendant.  *See* FED. R. CIV. P. 65(d)(2); *see also Scott v. Donald*, 165 U.S. 107, 117 (1897).  Third, there is no evidence to suggest that Defendant – the JTVCC chaplain – has the authority to do anything about the purported "quasi-apartheid white power regime" at

---

[5]    Plaintiff contends that he did not file a PREA complaint against Ms. Muhammed and that that series of events is pretextual.  (D.I. 89, Ex. 1 at 42-43 & 45-47).  Even if true, Plaintiff has failed to show that Defendant Johns – the prison chaplain – has the authority to restore Ms. Muhammad's authorization to teach at the prison following the PREA complaint.

JTVCC. (*See* D.I. 96 ¶ 3). For at least these reasons, the Court recommends that Plaintiff's fifth motion for preliminary injunctive relief be denied.

### III.    CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's motions for injunctive relief (D.I. 74, 77, 89 & 96) be DENIED.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 7, 2026

_____
UNITED STATES MAGISTRATE JUDGE